IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GREGORY SCOTT THOMPSON, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )   Case No. CIV-08-444-R |
| | ) |
| MARTY SIRMONS, | ) |
| | ) |
|     Respondent. | ) |

**O R D E R**

Before the Court are the Report and Recommendation of the United States Magistrate Judge Valerie K. Couch entered November 26, 2008 [Doc. No. 15] and Petitioner's Objection to the Report and Recommendation [Doc. No. 16]. In his Objection, Petitioner makes a blanket objection to the Magistrate Judge's conclusions with respect to all eight of Petitioner's claims for relief. However, he makes no arguments specifically directed to any of his claims for relief except his claim that the evidence was insufficient to support his conviction for felony murder, resulting in a due process violation. Defendant apparently takes issue with the Magistrate Judge's conclusion that the OCCA's determination regarding the sufficiency of the evidence is not contrary to or an unreasonable application of Supreme Court precedent or an unreasonable determination of the facts in light of the evidence presented. *See* Report and Recommendation at p. 27. Petitioner asserts that under Oklahoma law, the state had to prove that Petitioner aided and abetted in the commission of an attempted robbery; that Petitioner personally intended the death of Jerry McQuin; and that Petitioner aided and abetted Jimmy Gatewood with full knowledge of Gatewood's intent to kill and/or rob Jerry McQuin. Petitioner also contends that the jury instructions did not adequately inform the jury of the prosecution's burden of proving

that Petitioner personally intended to take the life of Jerry McQuin. *See* Objection [Doc. No. 16] at pp. 2-3. Finally, Petitioner suggests that his trial and appellate counsel's assistance was ineffective because trial counsel failed to seek adequate instructions and appellate counsel failed to raise instructional error(s) on appeal.

Petitioner did not raise alleged instructional errors and his trial and appellate counsel's alleged failures relating to such instructional errors in his petition for a writ of habeas corpus or before the Magistrate Judge. The court does not consider those claims or theories. Claims, issues or theories raised for the first time in objections to a Magistrate Judge's report and recommendation are deemed waived. *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001); *Kokinda v. Peterson*, 245 Fed. Appx. 751, 2007 WL 2309784 at *5 (10th Cir. Aug. 14, 2007)(No. 06-6374); *Sparks v. Foster*, 241 Fed. Appx. 467, 473, 2007 WL 1748509 at *6 (10th Cir. June 19, 2007)(No. 06-1113).

In order to convict Petitioner of first degree felony murder with attempted robbery with a dangerous weapon as the underlying felony, the state had to prove beyond a reasonable doubt that Defendant *either* wrongfully attempted to take and carry away personal property of another from the person of another, by force or fear, through the use of a dangerous weapon, *see* Oklahoma Uniform Jury Instructions Criminal, Second Edition (OUJI-CR) 4-145; *see also* Okla. Stat. tit. 21, §§ 791, 801, *or* that Defendant aided, prompted or encouraged attempted robbery with a dangerous weapon by act or counsel or both and did so knowingly with criminal intent to commit armed robbery or attempted armed robbery with a dangerous weapon, *see* OUJI-CR 2-5 & 2-6; *see also* Okla. Stat. tit. 21, § 171, 172, *and* that the death of a human occurred as a

result of an act or event which happened in the Defendant's attempt to commit robbery with a dangerous weapon or his aiding or abetting the commission of such offense. OUJI-CR 4-64; *see also* Okla. Stat. tit. 21, § 701.7(B). For the reasons explained by both the Oklahoma Court of criminal Appeals, *see* Opinion, *Thompson v. State*, Case No. F-2006-68 (Okla. Crim. App. May 22, 2007)(unpublished)(Exhibit "5" to 2007 Response [Doc. No. 11]) and the Magistrate Judge, *see* Report and Recommendation at pp. 27, 29, there was more than sufficient evidence for the jury to find that Petitioner was guilty of First Degree Felony Murder with attempted robbery with a dangerous weapon or aiding and abetting such attempt as the underlying offense. Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of First Degree Felony Murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560, 573 (1979). While the prosecution had the burden of proving that Petitioner intended to commit robbery or attempted robbery with a dangerous weapon or to aid or abet another in the commission or attempted commission of that offense, contrary to Petitioner's argument, the prosecution did not have to prove that Petitioner intended to cause the death of a person. *See* Okla. Stat. tit. 21, § 701.7(B)("A person . . . commits murder in the first degree, when that person or any other person takes the life of a human being during, or if the death of a human being results from, the commission or attempted commission of . . . robbery with a dangerous weapon . . . ."); *see Dickens v. State*, 106 P.3d 599, 600-01 (Okla. Crim. App. 2005)(appellant was properly convicted of First Degree Felony Murder when appellant's accomplice in an armed robbery was shot by a police officer as appellant and accomplice were fleeing the scene of the robbery); *Diaz v. State*, 728 P.2d 503, 509

(Okla. crim. App. 1986)(nexus between the death of a person and the underlying felony is necessary). *See also Brown v. Sirmons*, 515 F.3d 1072, 1088 (10th Cir.), *cert. denied*, ___ U.S. ___, 129 S.Ct. 403, ___ L.Ed.2d ___ (2008)(under Oklahoma's felony murder statute, Okla. Stat. tit. 21, § 701.7(B), "[t]he defendant's state of mind with respect to death is irrelevant;" felony murder with robbery with a dangerous weapon as the underlying crime is a general intent crime)(quoting *Franks v. Alford*, 820 F.2d 345, 347 (10th Cir. 1987) and citing *Pickens v. State*, 19 P.3d 866, 879 (Okla. Crim. App. 2001)).

Accordingly, the OCCA's determination regarding the sufficiency of the evidence against Petitioner is not contrary to or an unreasonable application of Supreme Court precedent, nor is it an unreasonable determination of the facts in light of the evidence presented. Although the OCCA did not cite *Jackson v. Virginia, supra*, it properly applied the identical standard. *See* OCCA Opinion (Exhibit "5" to Response [Doc. No. 11] at p. 12.

In accordance with the foregoing, the Report and Recommendation [Doc. No. 15] is ADOPTED in its entirety and the petition of Gregory Scott Thompson for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DENIED.

IT IS SO ORDERED this 22nd day of December, 2008.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE